HARRIS, J. SSH

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

D

WILLIAM SANJOUR,
1190 N. Vermont Street
Arlington, VA 22201,

        Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,
401 M Street, S.W.
Washington, D.C. 20460

WILLIAM REILLY,
Administrator
401 M Street, S.W.
Washington, D.C. 20460

DON R. CLAY
Assistant Administrator for
Solid Waste and Energy
Response
401 M Street, S.W.
Washington, D.C. 20460

SILVIA LOWRANCE
Director Office of Solid Waste
401 M Street, S.W.
Washington, D.C. 20460

DAVID BUSSARD
Director, Characterization
and Assessment Division
401 M Street, S.W.
Washington, D.C. 20460

        Defendants.

C.A. No. **91 2750**

FILED

OCT 2 8 1991

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**COMPLAINT FOR INJUNCTIVE
AND DECLARATORY RELIEF**

1.    This is an action under the U.S. Constitution and the Administrative Procedure Act (APA), 5 U.S.C. § 702, to enjoin the above-named defendants from enforcing censorship regulations which deprive plaintiff of his First Amendment right to freely travel and



speak on matters of public concern. Plaintiff also seeks a declaratory judgment stating that certain regulations of defendants, as specified herein, are overbroad under the First Amendment and do not apply to plaintiff.

### JURISDICTION

2.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331, § 1346 and 28 U.S.C. § 1391(e).

### PARTIES

3.    Plaintiff William Sanjour is an employee of the U.S. Environmental Protection Agency ("EPA"). Mr. Sanjour resides at 1190 North Vermont Street, Arlington, Virginia 22201.

4.    Defendant United States Environmental Protection Agency is an Agency of the United States Government, which is headquartered in Washington, D.C.

5.    Defendant William Reilly in employed by the EPA as its Administrator in Washington, D.C.

6.    Defendant Don R. Clay is employed by the EPA as an Assistant Administrator Solid Waste and Energy Response in Washington, D.C.

7.    Defendant Silvia Lowrance is employed by the EPA as Director, Office of Solid Waste in Washington, D.C.

8.    Defendant David Bussard is employed by defendant EPA as Director, Characterization and Assessment Division in Washington, D.C.

**FACTS**

9.    Plaintiff William Sanjour has been an employee of defendant EPA since 1972.

10.   Mr. Sanjour is a well-known "whistleblower" at the EPA. He has given testimony highly critical to the EPA before both federal Congressional and state legislative bodies.

11.   Mr. Sanjour has been illegally harassed by employees of the EPA in retaliation for protected First Amendment conduct.

12.   Mr. Sanjour has engaged in numerous public speaking engagements in a private (non-official) capacity in which he has criticized the EPA for its implementation/enforcement of various responsibilities, policies and programs.

13.   Mr. Sanjour regularly travels throughout the United States in a non-official capacity, and meets with local environmental organizations and/or municipal authorities to discuss matters within the EPA's scope of responsibility and matters related with EPA policies and programs.

14.   Mr. Sanjour has been regularly reimbursed for his actual travel expenses (including transportation, meals and lodging) from the organizations and/or agencies for which he has been asked to speak in a non-official capacity are outside of the Washington metropolitan area.

15.   Without reimbursement for actual travel expenses, plaintiff would be unable to engage in out-of-town non-official public appearances, testimony and speech.

16. In or about 1990-91 Mr. Sanjour engaged in First Amendment protected activity concerning environmental matters in North Carolina. This activity has been highly critical of EPA policy and the activities of certain North Carolina state officials.

17. In response to Mr. Sanjour's activities, the Governor of North Carolina vehemently criticized Mr. Sanjour in a letter to defendant Reilly.

18. Prior to the actions taken by the Governor of North Carolina, Mr. Sanjour's public non-official testimony and speech had been highly criticized by other state and federal governmental officials and corporations regulated by defendants.

19. On or about October 3, 1991 Mr. Sanjour was informed by defendants' that his recent trips to North Carolina were in violation of EPA rules concerning the acceptance of travel expenses.

20. On October 3, 1991 defendants' orally warned Mr. Sanjour not to accept travel reimbursement in the future for speeches in which any EPA related matters were discussed. Defendants further informed Mr. Sanjour that he may be required to forfeit travel expenses he had recently received for a non-official speaking engagement in North Carolina.

21. On or about October 7, 1991, Mr. Sanjour formally asked to receive written confirmation concerning the above-mentioned restrictions on non-official travel.

22. Shortly thereafter, defendants provided Mr. Sanjour with an April 8, 1991 Memorandum entitled "Detailed Information on New Ethics Regulations" prepared by Laurie M. May, EPA's Director, Organizational Management and Integrity Staff (hereinafter April 8th Memorandum).

23. The April 8th Memorandum stated that it was EPA policy to prohibit employee's "acceptance of non-official travel expenses when an EPA employee makes a speech or public appearance relating to EPA responsibilities, policies and programs." The April 8th Memorandum was based on EPA Ethics Advisory 91-1 (April 2, 1991) and regulations of the Office of Government Ethics implementing the Ethics Reform Act of 1989.

24. Employees, such as Mr. Sanjour, who violate these regulations are subject to discharge, civil penalties and other punishments.

25. These EPA regulations will restrict and prohibit Mr. Sanjour from speaking or testifying, out-of-town, in an unofficial capacity on matters related to the protection of the environment.

### COUNT I

26. Incorporate by reference paragraphs 1 through 25, inclusive, and all allegations contained therein.

27. Defendants' prohibition on Mr. Sanjour's acceptance of travel expenses for non-official speech which focuses on the EPA's responsibility, policies and programs is illegal and not supported by the appropriate regulations and laws.

28. Said prohibition is in violation of the Ethics Reform Act of 1989 and its implementing regulations.

29. Said prohibition is in violation of the May 1, 1984 Memorandum of the Office of Government Ethics ("OGE") on the Acceptance and Disclosure of Travel Expenses and Related Gifts issued by the Office of Government Ethics.

## COUNT II

30. Incorporate by reference paragraphs 1 through 29, inclusive, and all allegations contained therein.

31. Defendants' prohibition on Mr. Sanjour's acceptance of travel expenses for non-official speech focusing on the EPA's responsibilities, policies and programs violate the First Amendment of the Constitution of the United States.

## COUNT III

32. Incorporate by reference paragraphs 1 through 31, inclusive, and all allegations contained therein.

33. Defendants have promulgated regulations and have issued or circulated written memoranda and directives based on said regulations which serve no purpose other than to prohibit or interfere with plaintiff's speech.

34. Plaintiff submits that defendants' regulations, memoranda, directives and conduct threaten him in the exercise of duly protected rights under the First Amendment with the effect and/or intent to prevent plaintiff, and others similarly situated, from raising controversial matters of public concern in public speaking engagements or public testimony.

35. Plaintiff submits that he risks loss of job or other adverse personnel action in the event he accepts reimbursement for actual expenses incurred in travelling to various speaking engagements or providing testimony before various state and local tribunals throughout the United States.

36. Defendants' regulations, memoranda, directives and conduct have constrained plaintiff and others in the exercise of freedom of speech guaranteed by the First Amendment, continue to deprive and severely chill plaintiff and others from engaging in constitutionally protected rights, and deny the American people access to uncensored information concerning the operation of their government.

37. Defendants' regulations, memoranda, directives and conduct interfere with plaintiff's ability to speak on topics of public concern.

<b><u>COUNT IV</u></b>

38. Incorporate by reference paragraphs 1 through 37, inclusive, and all allegations contained therein.

39. Plaintiff submits that defendants' oral and written warnings administered in or about October, 1991 is an overt threat of severe personnel action in the event he elects to exercise his First Amendment rights in the future and are intended solely to prevent plaintiff, and others similarly situated, from raising controversial matters of public concern in outside speaking engagements.

40. Defendants' oral and written warnings have constrained plaintiff and others in the exercise of freedom of speech, continue to deprive and severely chill plaintiff and others from engaging in constitutionally protected rights and deny the American people access to uncensored information concerning the operations of their government or other matters of public concern.

41. Defendants' oral and written warnings to plaintiff serve no legitimate governmental interest and, are based on regulations which are vague and overbroad in violation of the First Amendment.

42. Defendants' oral and written warnings to plaintiff should be declared void and all references stricken from defendants' records and all copies expunged from defendants' files.

### COUNT V

43. Incorporate by reference paragraphs 1 through 42, inclusive, and all allegations contained therein.

44. Defendants' prohibition on Mr. Sanjour's acceptance of travel expenses for non-official speech which focuses on the EPA's responsibilities, policies, and programs will prevent Mr. Sanjour from attending a conference in Atlanta, Georgia scheduled for November 1, 1991.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief against defendants as follows:

(a) Issue a permanent injunction directing defendants, including officers, agents, employees, successors, attorneys, of the EPA and all those in active concert or participation with them,

to cease enforcement against plaintiff of all restrictions placed on his reimbursement for reasonable travel expenses as prohibited on page 3 of EPA Ethics Advisory 91-1;

(b) Issue a declaratory judgment stating that the regulations, policies, memoranda and directives referenced in subsection (a) above, are vague and overbroad, and therefore, unconstitutional under the First Amendment as they relate to plaintiff and others;

(c) Issue a declaratory judgment stating that the regulations, policies, memoranda and directives referenced in subsection (a) above are void and not supportable under existing law and regulation;

(d) Issue a declaratory judgment stating that the regulations, policies, memoranda and directives referenced in subsection (a) above are void and in violation of the Ethics Reform Act of 1989;

(e) Expedite the proceedings in this action in order to prevent irreparable harm to plaintiff and to protect plaintiff's First Amendment rights;

(f) Award plaintiff reasonable attorneys' fees and costs under the Equal Access to Justice Act, or as appropriate; and

(g) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Stephen M. Kohn
D.C. Bar No. 4115131

David K. Colapinto
D.C. Bar No. 416390

National Whistleblower Center
517 Florida Avenue, N.W.
Washington, D.C. 20001
(202) 667-7515

Counsel for Plaintiff
  William Sanjour

October 28, 1991

056\amcom